# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Carhartt, Inc.,

        Plaintiff,

v.

Innovative Textiles, Inc.,

        Defendant/Third-Party Plaintiff,

v.

Gentry Mills, Inc.

        Third-Party Defendant
_____/

Case No. 17-cv-13604

Judith E. Levy
United States District Judge

Mag. Judge R. Steven Whalen

# ORDER REGARDING MOTION FOR RECONSIDERATION AND REQUIRING ADDITIONAL BRIEFING [39]

This case is before the Court on third-party defendant Gentry Mills, Inc.'s ("GMI") motion for reconsideration. GMI asks the Court to reconsider its decision allowing defendant/third-party plaintiff Innovative Textiles, Inc. ("ITI") to file an amended third-party complaint after dismissing ITI's previous third-party complaint. GMI alleges that the Court erred in its decision because ITI already had a chance to

amend, filed its amendment without good cause, and, regardless, the amendment would be futile.

**I.    Legal Standard**

To prevail on a motion for reconsideration under Local Rule 7.1, a movant must "not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case."  E.D. Mich. LR 7.1(h)(3).  "A palpable defect is a defect that is obvious, clear, unmistakable, manifest or plain." *Witzke v. Hiller*, 972 F. Supp. 426, 427 (E.D. Mich. 1997).  The "palpable defect" standard is consistent with the standard for amending or altering a judgment under Fed. R. Civ. P. 59(e).  *Henderson v. Walled Lake Consol. Schs.*, 469 F.3d 479, 496 (6th Cir. 2006).  Motions for reconsideration should not be granted if they "merely present the same issues ruled upon by the court, either expressly or by reasonable implication."  E.D. Mich. LR 7.1(h)(3).  But "parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued."  *Roger Miller Music, Inc. v. Sony/ATV Publ'g,* 477 F.3d 383, 395 (6th Cir. 2007).

## II. Analysis

GMI first argues that ITI already had a chance to amend its complaint because GMI's motion to dismiss made ITI aware of the deficiencies in its complaint.

"[W]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *U.S. ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 342 F.3d 634, 644 (6th Cir. 2003). A plaintiff had a "chance to amend the complaint" if it had (1) "sufficient notice that . . . [the] complaint was deficient," and, (2) "if so . . . an adequate opportunity to cure the deficiencies." *Id.*

Here, plaintiff did not have sufficient notice the complaint was deficient until after GMI's motion to dismiss was granted. Though the Court granted the motion to dismiss, ITI vigorously litigated the motion, and represented to the Court that it believed its complaint was not deficient. Because an opposing party in litigation presents an argument as to why its position is superior the other party is not required to then concede and abandon its own position. It was reasonable for ITI to litigate the motion and await a Court order prior to making any amendments.

GMI next argues that ITI did not demonstrate good cause for failing to amend the third-party complaint within the timeframe for amended pleadings set by the scheduling order.

"Seeking leave to amend a complaint after the scheduling order's deadline implicates two Federal Rules of Civil Procedure, Rule 15 and Rule 16." *Carrizo (Utica) LLC v. City of Girard, Ohio*, 661 F. App'x 364, 367 (6th Cir. 2016). "Notwithstanding Rule 15's directive freely to give leave to amend, a party seeking leave to amend after the scheduling order's deadline must meet Rule 16's good-cause standard in order for the district court to amend the scheduling order." *Id*.

Plaintiff had good cause for failing to meet the deadline for amended pleadings in the scheduling order because the Court did not rule on the motion to dismiss that complaint until after the scheduling order's deadline passed.

GMI's last argument is that the amendment would be futile. Because this argument is complex and potentially dispositive, the Court requires additional briefing. ITI is ORDERED to respond to GMI's motion for reconsideration, but only as to the argument that amendment is futile. Briefing will proceed on the schedule set by Local Rule 7.1(e)(1).

ITI shall file its response no later than close of business on August 17, 2018, and GMI shall file a reply no later than close of business on August 31, 2018.

IT IS SO ORDERED.

Dated: July 27, 2018　　　　　　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 27, 2018.

　　　　　　　　　　　　　　　　　s/Shawna Burns
　　　　　　　　　　　　　　　　　SHAWNA BURNS
　　　　　　　　　　　　　　　　　Case Manager