UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARHARTT, INC.,

    Plaintiff,

v.

INNOVATIVE TEXTILES, INC.,

    Defendant / Third Party Plaintiff,

v.

GENTRY MILLS, INC.,

    Third Party Defendant.

_____ /

No. 17-13604

District Judge Judith E. Levy
Magistrate Judge R. Steven Whalen

**OPINION AND ORDER**

Before the Court is Defendant / Third Party Plaintiff Innovative Textiles, Inc.'s ("ITI's") Motion to Compel a More Detailed Privilege Log from Plaintiff Carhartt, Inc. ("Carhartt") [ECF No. 64]. For the reasons discussed below, the motion is DENIED.

**I. BACKGROUND**

Carhartt is a Dearborn, Michigan based clothing company that markets a line of flame-resistant garments. Beginning in 2009, ITI supplied Carhartt with flame-resistant fabric. Carhartt alleges that around June of 2016, its internal testing revealed that ITI's fabrics "did not satisfy the standards they were required to satisfy...and did not live up to the representations that [it] had made about the fabrics." *Complaint*, ECF No. 1, PageID.11. As a result, Carhartt recalled products containing the allegedly non-conforming (i.e., defective) fabric, and seeks damages associated with the recall.

As discovery proceeded, ITI served two sets of document requests on Carhartt. Those requests are reproduced at Exhibits A and B of ITI's motion. Carhartt's response included a 136-page privilege log, withholding over 1,000 documents as protected by the attorney-client or work product privileges. *See* ICI's Exhibit C and revised privilege log at Exhibit G. In this motion, ICI argues that the privilege log does not contain sufficient information for it to assess the claim of privilege.[1]

## II. DISCUSSION

Fed.R.Civ.P. 26(a)(5) states as follows:

**(A) Information Withheld**. When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:

(i) expressly make the claim; and

(ii) describe the nature of the documents, communications, or tangible things not produced or disclosed - and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Because the Rule does not delineate the precise information that must be contained in a privilege log, there is understandably tension between what a requesting party and a producing party might consider the minimum standards for disclosure. However, case law provides guidance. In this motion, both parties have cited *Ypsilanti Comm. Utilities Auth. v. Meadwestvaco Air Sys. LLC*, 2009 WL 3614997 (E.D. Mich. Oct. 27, 2009),

---

[1] On January 25, 2019, the Court entered a stipulated order in which Carhartt waived claims of privilege as to fabric testing performed by Hugh Hoagland of ArcWear, a testing company retained by Carhartt. *See* ECF No. 57, PageID.1845-1846. Specifically, Carhartt waived claims of privilege with respect to "(1) internal Carhartt test result data, (2) ArcWear LLC test result data and related communications between ArcWear LLC and Carhartt, and (3) the August 30, 2016 Report by Joel Sipe of Exponent entitled 'Carhartt Fabric Flammability Testing.'" *Id*. Carhartt states that this resulted in the production of about 1,000 pages of documents. Carhartt then submitted a revised privilege log that removed the documents that were produced, leaving 177 privilege log entries. *See* ICI's Exhibit G.

which described the requirements of Rule 26(a)(5) as follows:

> "The information for each document must include the express privilege or protection which Defendant claims and include a summary of the contents of the document (the "subject" line of the emails as set forth in Defendant's prior logs is insufficient in this respect), the purpose for which the document was created, the identity of the parties to the communication and who created the document, including by title and employer. For claims of attorney-work product, Defendant must also summarize whether the document contains mental impressions, conclusions, opinions or legal theories of an attorney or other representative of the party concerning the litigation. Fed.R.Civ.P. 26(b)(3)(B). To the extent that Defendant asserts that the document is subject to attorney-client privilege, Defendant must identify the nature of the communication, identify the parties to the communication including carbon copies, by name, title and employer, identify the attorney(s) on the communication, the purpose of the communication and whether or not it sought and/or conveyed legal advice." *Id*. at *4.

*Clark Const. Grp., Inc. v. City of Memphis*, 2005 WL 6187896, (W.D. Tenn. Feb. 9, 2005), similarly but somewhat more succinctly described the requirements for a privilege log:

> "'[E]ach document in a privilege log should contain details including: date, author and all recipients of the document, subject matter, and an explanation as to why the document should be privileged and not produced in discovery.'" *Id*. at *3 (quoting *Coltec Industries, Inc. v. Am. Motorists Ins. Co.*, 197 F.R.D. 368, 371 (N.D.Ill.2000)).

In *Clark Const.,* cited by ITI, the Court found the privilege log deficient because it used general categories of persons and entities without identifying anyone by name and position, and provided vague descriptions, such as a notation that a document is "correspondence" or "meeting notes" or "a report containing legal information." In *Mafcote, Inc. v. Fed. Ins. Co.*, 2010 WL 1929900, at *6 (W.D. Ky. May 12, 2010), also cited by ITI, the Court listed the following elements to be identified in a privilege log:

> (a) The author(s) and all recipients (designated so as to be clear who is the sender and who the receiver), along with their capacities/roles/positions.
>
> (b) The document's date.

(c) The purpose and subject matter of the document.

(d) The nature of the privileged asserted, and why the particular document is believed to be privileged.

*Mafcote* found the privilege logs insufficient because they "identif[ied] only the dates of the documents, a brief description providing no substantive information (e.g. "Email correspondence with Mark W. Dobbins and Matt Jean"), and the asserted privilege." *Id*. at *5.[2]

Turning to Carhartt's revised privilege log (ITI's Exhibit G), the entries follow a common format. Therefore, rather than analyzing all 177 entries (contained in 137 pages), I will discuss only a representative sample.

Carhartt's privilege log is presented in chart form, with the following columns: Priv. Log No.; Date; Author/Sender; TO Recipients; CC Recipients; BCC Recipients; Document Type; Privilege Type; and Privilege Description. Starting with the first entry (Priv. Log No. 00001), the date is 8/2/16; the communication (an email chain) was sent from William Hardy, a Carhartt Senior Vice President, to Linda Hubbard of Carhartt and Anna Inch, who is Carhartt's in-house attorney. The "Privilege Type" is "Attorney Client Communication," and the Privilege Description is as follows:

> "Document(s) providing, containing, reflecting, or discussing confidential advice from counsel concerning anticipated litigation."

Priv. Log. No. 00024, dated 11/29/16, is an email chain from William Hardy to

---

[2] The Ninth Circuit has similarly threaded the needle between privilege logs that are overly vague and ones that are overly detailed. *See In re Grand Jury Investigation*, 974 F.2d 1068, 1071 (9th Cir. 1992)(compliance with Rule 26(a)(5) is accomplished by a privilege log that identifies "(a) the attorney and client involved, (b) the nature of the document, (c) all persons or entities shown on the document to have received or sent the document, (d) all persons or entities known to have been furnished the document or informed of its substance, and (e) the date the document was generated, prepared, or dated."

attorney Anna Inch, with CC's to Linda Hubbard and Joe Don Long of Carhartt. It is identified as "Attorney Client Communication" and again describes the privilege as "Document(s) providing, containing, reflecting, or discussing confidential legal advice from counsel concerning anticipated litigation." This is followed by 15 "confidential attachments" (Priv. Log. Nos. 0025-0039).

Priv. Log. No. 00183 is an email chain, dated 8/8/16, from Jenifer Kennan, Carhartt's trial counsel at Alston & Bird, to Jo Don Long and Anna Inch, Carhartt's in-house counsel. The Privilege Type is Attorney Client Communication and Attorney Work Product, and the Privilege Description states, "Document(s) providing, containing, reflecting, or discussing confidential attorney work product concerning anticipated litigation."

Priv. Log No. 00199, an email chain from Joe Don Long to Anna Inch and Quentin Bonner of Carhartt, is designated an Attorney Client Communication described as "Document(s) providing, containing, reflecting, or discussing confidential legal advice from counsel concerning recall and mitigation."

Carhartt's revised privilege log is substantially compliant with Rule 26(a)(5) and case law interpreting the Rule, and does not suffer from the deficiencies discussed in *Clark Construction* and *Mafcote*. The entries clearly state who authored the document, the date it was created, the recipients, including carbon copies, whether the sender or recipient is an attorney, the type of document (e.g., an email chain), the privilege claimed (e.g., attorney-client and/or work product), and a description of why privilege is claimed (e.g., it discusses or contains reflections on confidential legal advice or work product).[3]

---

[3] As to the claims of work product privilege, the dates of the communications, as well as the identification of the participants, make clear that the "anticipated litigation" is the present lawsuit related to non-conforming shipments of fabric.

*See Clark Const.; Mafcote*; *Ypsilanti Comm. Utilities*; *In re Grand Jury Investigation*.

In *In re Search Warrant Executed at Law Offices of Stephen Garea*, 173 F.3d 429, 1999 WL 137499, *2 (6th Cir. 1999)(unpublished), the Sixth Circuit noted:

> "In our view, a person seeking to assert the attorney-client privilege must make a minimal showing that the communication involved legal matters. This showing is not onerous and may be satisfied by as little as a statement in the privilege log explaining the nature of the legal issue for which advice was sought."

Here, Carhartt has met at least the minimum standard of detail for a privilege log.

ITI also complains that the "confidential attachments" notated in the privilege log do not contain similarly detailed information. However, those documents are subsumed under the emails to which they are attached and are subject to the same claim of privilege as the principal document. *See e.g.*, Priv. Log Nos. 0025-0039, confidential attachments to Priv. Log No. 00024, an email chain directed to attorney Anna Inch.

Finally, Carhartt has submitted, as Exhibit 5 to its response [ECF No. 75-6, PageID. 3563-3569] ITI's own privilege log, which reveals that ITI used *identical* descriptions that it now complains are vague or imprecise. The column headings (i.e., date, sender, recipient, document type, privilege type, and privilege description) are the same as those in Carhartt's log. Every Privilege Type is stated as "Attorney Client Communication; Attorney Work Product." Every "Privilege Description" contains the same language that ITI now finds objectionable in Carhartt's log. *See* ITI-Priv-00004, ECF No. 75-6, PageID.3564, an email chain from Timothy Valluzzo of ITI to counsel:

> "Document(s) providing, containing, reflecting, or discussing confidential legal advice from counsel concerning anticipated litigation."

Likewise, ITI's "confidential attachments," like Carhartt's, are simply listed under the principal document without any additional and superfulous description. *See* ITI-Priv-00010-00011.

This leaves us with a classic goose/gander dichotomy, and while not necessarily dispositive, ITI's complaint that Carhartt's privilege log does not give it sufficient information to assess the claimed privilege rings hollow when its own log is identical. *See Allen v. Sears, Roebuck and Co*., 2009 WL 879385, *3 (E.D. Mich. 2009)("[A]lthough not determinative, the Court agrees with Defendants' contention that Plaintiffs' position on the adequacy of Defendants' privilege log is wholly undercut by the stat of Plaintiffs' own privilege log which provides much less information than Defendants' log."). Carhartt need not amend its privilege log.

### III. CONCLUSION

ITI's Motion to Compel a More Detailed Privilege Log from Plaintiff Carhartt, Inc. [ECF No. 64] is DENIED.

IT IS SO ORDERED.


Dated: October 24, 2019       s/R. Steven Whalen
                              R. STEVEN WHALEN
                              UNITED STATES MAGISTRATE JUDGE


### CERTIFICATE OF SERVICE

I hereby certify on October 24, 2019 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants October 24, 2019.

                              s/Carolyn M. Ciesla
                              Case Manager for the
                              Honorable R. Steven Whalen